UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

   v.

**KFLEGEWERGES ABATE,** *et al.***,**
        **Defendants.**

Case No. 2:22-cr-222 (2), (3), (4), (5)
JUDGE EDMUND A. SARGUS, JR.

**OPINION AND ORDER**

This matter is before the Court on the Final Pretrial Conference held on July 18, 2024 (ECF No. 206), and three Motions in Limine: one filed by Defendant Kflegewerges Abate (ECF No. 188) and two filed by the Government (ECF Nos. 189, 190). Defendant Abubakarr Savage responded to the Government's Motions in Limine (ECF No. 197), and the Government responded to Defendant Abate's Motion in Limine (ECF No. 198). Trial is set to begin on August 5, 2024, and the deadline to respond to any motions in limine expired on July 12, 2024. (ECF No. 178.) Accordingly, these motions are ripe for the Court's review.

For the reasons below, Defendant Abate's Motion in Limine is **DENIED in part as moot** and **HELD IN ABEYANCE in part** (ECF No. 188); the Government's Motion to Exclude Evidence and Argument Concerning Evolving Marijuana Law and Policy is **DENIED as moot** (ECF No. 189); and the Government's Motion to Limit Cross-Examination of Officer Bryan Mason is **HELD IN ABEYANCE** (ECF No. 190).

**BACKGROUND**

Defendants Kflegewerges Abate, Teddy Asefa and Abubakarr Savage are accused of engaging in a conspiracy to illegally traffic controlled substances as members of a criminal organization known as the Third World Mob. (*See* Counts 1–6, Second Superseding Indictment, ECF No. 97.) On December 6, 2023, a federal grand jury returned a Second Superseding

1

Indictment against Defendants. (ECF No. 97.) Counts One through Seven allege offenses related to a broad drug trafficking conspiracy. (*Id.*) Count One charges all three co-defendants with conspiracy to distributed controlled substances in violation of 18 U.S.C. § 846. (*Id.*, PageID 404.) Defendants Abate and Asefa are charged in Count Two (Possession of a Firearm in Furtherance of a Drug Trafficking Conspiracy in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2), Count Three (Possession with Intent to Distribute 100 Kilograms or More of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii), and 18 U.S.C. § 2), Count Four (Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2), and Count Five (Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. §§922(g)(1) and 924(a)(8). (*Id.*, PageID 411–12.)

Only Mr. Abate is charged under Count Six, which accuses him of unlawfully possessing ammunition with a prior felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (*Id.*, PageID 413.) The Government accuses Mr. Abate of possessing "at least two rounds of Winchester-manufactured ammunition" during a shooting that occurred at a nightclub in September 2022.[1] (*Id.*; *see also* Opp., PageID 1032.)

Finally, Defendants Abate and Asefa are accused of submitting fraudulent Pandemic Unemployment Assistance applications to the State of Ohio during the COVID-19 pandemic. (ECF No. 97, Count 8 (charging Abate) and Count 9 (charging Asefa).) The Government claims that Mr. Abate applied for pandemic unemployment assistance on June 12, 2020, claiming that he was a self-employed landscaper who was out of work because of the pandemic. (*Id.*, PageID 416.)

---

[1] Mr. Abate's Motion states that the shooting occurred on September 13, 2022, but on that same page states the shooting occurred on September 22, 2022. (ECF No. 188, PageID 1008.) The Government alleges that the shooting occurred on September 13, 2022, and also on the same page states that the shooting happened on September 13, 2023. (ECF No. 198, PageID 1095.) To avoid inconsistencies, the Court will refer to the shooting as occurring in September 2022.

2

As a result, Mr. Abate improperly received approximately $18,156. (*Id.*, PageID 417.) Mr. Asefa is accused of falsely stating that he was out of work as a customer service representative. (*Id.*, PageID 418.) After submitting his application on May 27, 2020, Mr. Asefa improperly received approximately $16,614 in assistance. (*Id.*) As a result of these actions, the Government charges both Defendants with wire fraud in violation 18 U.S.C. § 1343. (*Id.*, PageID 416, 419.)

One other Defendant is named in the Second Superseding Indictment—Teddy Asefa's brother Thomas Asefa. (ECF No. 97, PageID 413.) Thomas and Teddy Asefa are charged under Count Seven with obstruction of justice. (*Id.*) The Government alleges that after Teddy Asefa was arrested on November 1, 2022, he made a jail call to his brother Thomas Asefa and asked him to go to his girlfriend's apartment and remove $55,000 in cash. (ECF No. 171, PageID 951.) When Thomas Asefa removed the money, he was arrested by law enforcement. (*Id.*) Thomas Asefa is not accused of being a member of the Third World Mob. (*Id.*, PageID 950.)

This case is set for trial on August 5, 2024. The Government and Defendant Abate each filed motions in limine regarding the anticipated evidence at trial. (ECF Nos. 188–90.)

## STANDARD OF REVIEW

I. **Motions in Limine**

Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine. The United States Supreme Court has noted, however, that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n.4 (1984). The purpose of a motion in limine is to allow a court to rule on issues pertaining to evidence before trial to avoid delay and ensure an evenhanded and expeditious trial. *See Ind. Ins. Co. v. Gen. Elec. Co.,* 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Fam. Servs.,* 115 F.3d 436, 440 (7th Cir. 1997)). Despite this well-meaning purpose,

courts are generally reluctant to grant broad exclusions of evidence in limine, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.,* 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir. 1975).

Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019). To obtain the exclusion of evidence under such a motion, a party must prove that the evidence is clearly inadmissible on all potential grounds. *See Ind. Ins. Co.,* 326 F. Supp. 2d at 846; *Koch,* 2 F. Supp. 2d at 1388; *cf. Luce,* 469 U.S. at 41. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.,* 326 F. Supp. 2d at 846.

Denial of a motion in limine does not mean that the evidence is guaranteed to be admitted at trial; the court will hear objections to such evidence if and when they arise at trial. *Maseru v. Univ. of Cin.*, No. 1:18-cv-106, 2022 U.S. Dist. LEXIS 188340, at *3 (S.D. Ohio Oct. 13, 2022) (McFarland, J.) (citing *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010)). Further, the court may, in its discretion, alter a previous in limine ruling during trial. *Luce*, 469 U.S. at 41–42.

**II.     Applicable Rules of Evidence**

The applicable Rules of Evidence for this Order are Rules 401, 402, 403, 404 and 608. Fed. R. Evid. 401–04, 608.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid.

4

402. A court may exclude relevant evidence under Federal Rule of Evidence 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Rule 404(b) permits the admission of prior acts for non-propensity purposes, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). This "other acts" evidence is admissible so long as it satisfies the following three-part test:

> *First*, the district court must decide whether there is sufficient evidence that the other act in question actually occurred. *Second,* if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character. *Third*, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

*United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003) (citation omitted). In a criminal case, the prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it." Fed. R. Evid. 404(b)(3)(A).

Rule 608 spells out the ways a witness's credibility may be attacked or supported. Rule 608(a) allows a witness's character for truthfulness or untruthfulness to be proven by opinion or reputation evidence. Fed. R. Evid. 608(a). Rule 608(b) explains how specific instances of conduct may be used to attack or support a witness's credibility. Fed. R. Evid. 608(b). On cross-examination, inquiry into "specific instances of a witnesses conduct" is permissible if the specific instances "are probative of the [witness's] character for truthfulness or untruthfulness." *Id.* But specific instances of conduct may not be proven with extrinsic evidence. *Id.*

## ANALYSIS

Defendant Abate first moved to exclude three categories of evidence. (ECF No. 188.) The Government opposes that Motion. (ECF No. 198.) The Government then filed its own motions in limine. First, the Government asks the Court to exclude evidence or potential arguments made by Defendants about changes to state law or federal policy governing the use and possession of marijuana. (ECF No. 189.) Defendants do not oppose that Motion. (*See* ECF Nos. 197, 206.) Second, the Government moves to limit the cross-examination of Officer Bryan Mason and exclude testimony related the shooting death of Tyre King. (ECF No. 190.) Defendant Savage opposes the Government's Motion and argues that evidence of Officer Mason's shooting of Tyre King is necessary to show his bias toward black men. (ECF No. 197, PageID 1086.) The Court addresses each motion in turn.

### I. Defendant Abate's Motion in Limine (ECF No. 188)

Defendant Kflegewerges Abate seeks an Order prohibiting the Government from introducing three categories of evidence: (1) evidence of physical harm or deaths of witnesses and coconspirators; (2) evidence relating to Mr. Abate's purported involvement in a shooting that occurred in September 2022; and (3) evidence of Mr. Abate's alleged commission of wire fraud as outlined in Count Eight of the indictment. (ECF No. 188.)

Mr. Abate sought to exclude the second and third categories of evidence if the Court severed Counts Six and Eight for trial. (ECF No. 188, PageID 1008 n.1.) Since the Court denied Mr. Abate's motion to sever (ECF No. 200) and Counts Six and Eight will be tried together with the remaining charges in the indictment, Mr. Abate's Motion as it relates to the second and third categories of evidence is moot. The second and third categories of evidence are directly relevant to Counts Six and Eight and thus will not be excluded. The Motion is **DENIED in part as moot**.

The first category of evidence Mr. Abate seeks to exclude presents a different question. Mr. Abate asks the Court to exclude any evidence of physical harm or deaths of witnesses or coconspirators. (ECF No. 188, PageID 1008.) The Government responds and states that it does not intend to introduce evidence of witness deaths, or evidence that Defendants had a hand in any deaths. (ECF No. 197, PageID 1092–93.) Because the Government does not oppose the Motion as it relates to evidence of "deaths of witnesses" or evidence that "defendants or their coconspirators had a hand in any deaths", the Motion is **DENIED as moot in part**.

The Government, however, does intend to introduce evidence of physical harm to witnesses, deaths of unindicted coconspirators, and physical harm of others. (*Id.*, PageID 1093.) The Government contends that evidence of violence is relevant to show that the Third World Mob committed acts of violence and intimidation in furtherance of the drug trafficking conspiracy. (ECF No. 198, PageID 1093.) The Government clarified at the Final Pretrial Conference that it intends to offer evidence that rival drug trafficking organizations committed acts of violence against members of the Third World Mob, including Defendants' unindicted coconspirators. (*Id.*; *see also* ECF No. 206.) Defendants then retaliated with their own acts of violence and threats of physical harm. (*Id.*) Such violence was part of the conspiracy to illegally sell narcotics. (*Id.*) In essence, the Government intends to argue that the unindicted coconspirators were killed, or physically harmed because they were engaged in a conspiracy to sell narcotics. Defendants' awareness of the violence, and their own acts of violence in retaliation, according to the Government, makes it more likely that they participated in the drug trafficking conspiracy. (*Id.*)

Defendants, including Mr. Abate, challenge whether evidence of violence makes any fact of consequence—whether Defendants engaged in a conspiracy to sell narcotics—more or less likely. (ECF No. 188, PageID 1009; *see also* ECF No. 206.) Even if the Court finds that evidence

of violence is relevant and probative to the drug trafficking conspiracy charge, Defendants argue that any probative value will be substantially outweighed by the danger of unfair prejudice. (*Id.*) Further, to the extent that the Government intends to introduce evidence of Defendants' uncharged conduct, such evidence may violate Rule 404(b) by suggesting that Defendants had a propensity to commit violence. (*Id.*)

Rule 404(b) prohibits the use of evidence of other crimes, wrongs, or acts to prove that a person acted in accordance with a particular character trait on a particular occasion. Fed. R. Evid. 404(b)(1). But the Rule permits such evidence to be admitted for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident." Fed. R. Evid. 404(b)(2).

This "other acts" evidence is admissible so long as it satisfies the following three-part test:

> *First*, the district court must decide whether there is sufficient evidence that the other act in question actually occurred. *Second,* if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character. *Third*, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

*United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003).

Without more evidence of the prior acts or uncharged conduct the Government intends to use against Defendants, the Court cannot say for certain that the other acts actually occurred. *See Bartholomew,* 310 F.3d at 921–22. Given the present lack of evidence on the other acts evidence, the Court reserves ruling on Mr. Abate's Motion pending further development of the record. As the parties' agreed during the Final Pretrial Conference, the Government will not introduce evidence of violence, deaths, or threats of physical harm during its opening statements. (*See* ECF No. 206.) After further development of the record, either prior to or at trial, and upon laying the appropriate foundation, the Government may make an offer of proof and the Court will rule on the

issue at that time. Accordingly, Defendant Abate's Motion is **DENIED in part as moot** and **HELD IN ABEYANCE in part**.

I. **Government's Motion to Exclude Evidence on Marijuana Laws (ECF No. 189)**

Next, the Government seeks to exclude any evidence related to, or arguments about, changes to state law or federal policy governing the use and possession of marijuana. (ECF No. 189.) Defendants are charged with trafficking primarily marijuana. (*See* ECF No. 97.) The Government is concerned that Defendants may use arguments about the recent legalization of the recreational use of marijuana under Ohio law, or the possibility that marijuana may be reclassified at the federal level, to confuse the jury and excuse their purportedly illegal conduct. (*Id.* at PageID 1013.) Thus, the Government moves to exclude any such arguments as irrelevant under Rules 401 and 402, and as unfairly prejudicial under Rule 403. *See* Fed. R. Evid. 401–03.

Defendants confirmed at the Final Pretrial Conference that this Motion is unopposed (*see* ECF No. 206), but only Defendant Abubakarr Savage filed a response to the Government's Motion (ECF No. 197). He states that he "is aware that marijuana is federally prohibited[] and has no intention of introducing irrelevant evidence or argument about changing state law or federal policy." (*Id.*, PageID 1085.) The Motion is thus **DENIED as moot**.

II. **Government's Motion to Limit Cross-Examination of Officer Bryan Mason (ECF No. 190)**

Lastly, the Government seeks an Order prohibiting Defendants from cross-examining Columbus Division of Police Officer Bryan Mason regarding the fatal shooting of Tyre King in 2016. (ECF No. 190.) Officer Mason participated in the investigation of Defendants and the Government intends to call him to testify about searches and surveillance conducted during that investigation. (*Id.*, PageID 1019.)

9

Officer Mason fatally shot Tyre King on September 14, 2016. Although a Franklin County Grand Jury did not a return an indictment against him for the shooting, King's grandmother brought a civil action alleging that he violated King's constitutional rights by using excessive force. *King v. City of Columbus*, No. 2:18-cv-1060, 2023 U.S. Dist. LEXIS 167102, at *2 (S.D. Ohio Sep. 19, 2023) (denying plaintiff's motion for judgment notwithstanding the verdict, or in the alternative motion for a new trial). During the civil trial, Officer Mason was accused of making a racial slur toward King during the shooting. (*Id.*) Officer Mason denied making the racial slur. A jury ultimately found that the plaintiff did not prove that Officer Mason violated King's constitutional rights by using excessive force. (*Id.*)

The Government argues that the shooting is not probative of Officer Mason's credibility. (*Id.*, PageID 1019–21.) Only Defendant Savage opposed the Government's Motion. (ECF No. 197, PageID 1085.) Mr. Savage argues that the Government's Motion should be held in abeyance to allow Defendants to develop testimony of Officer Mason's racial bias. (*Id.*, PageID 1088.)

Under Rule 608(b), the Court can allow inquiry on cross-examination into specific instances of a witness's conduct only if such instances are probative of the witness's character for truthfulness or untruthfulness. *See* Fed. R. Evid. 608(b). But as the Government concedes, "[p]arties can explore potential bias notwithstanding the Rule 608(b) prohibition." (ECF No. 190, PageID 1020.) "An attack on a witness's credibility by demonstrating bias is permissible under [Rule 608(b)] precisely because it goes to the witness's character for truthfulness." *United States v. Hatchett*, 918 F.2d 631, 641 (6th Cir. 1990).

Bias "describe[s] the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party." *United States v. Abel*, 469 U.S. 45, 52 (1984). "Proof of bias is almost always relevant because the jury,

10

as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." *Id.*

The Court reserves judgment on the Government's Motion to allow questions of relevancy and potential prejudice to be resolved in the proper context. *See Ind. Ins. Co.,* 326 F. Supp. 2d at 846. Upon a good-faith basis, the Court will allow defense counsel to inquire into Officer Mason's alleged bias. *United States v. Zidell*, 323 F.3d 412, 426 (6th Cir. 2003) (requiring a good-faith basis for cross-examination under Rule 608(b)). Bias is always relevant to a witness's credibility. *Abel*, 469 U.S. at 52. And here, the allegations that Officer Mason, a white male, used a racial slur during the shooting of a Black juvenile could be relevant as it relates to a potential bias against Defendants in this case—all of whom are Black. The probative value of the fatal shooting itself, however, is limited and risks opening the door to a general maligning of the witness. With that context, the Government's Motion to Limit Cross-Examination of Officer Mason is **HELD IN ABEYANCE**.

## CONCLUSION

For the reasons above, the Court rules on the motions in limine as follows: Defendant Abate's Motion in Limine is **DENIED in part as moot** and **HELD IN ABEYANCE in part** (ECF No. 188); the Government's Motion to Exclude Evidence and Argument Concerning Evolving Marijuana Law and Policy is **DENIED as moot** (ECF No. 189); and the Government's Motion to Limit Cross-Examination of Officer Bryan Mason is **HELD IN ABEYANCE** (ECF No. 190).

**IT IS SO ORDERED.**

**7/19/2024**　　　　　　　　　　　　　　　　　　　 s/Edmund A. Sargus, Jr.
**DATE**　　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

11