UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**KFLEGEWERGES ABATE, *et al.*,**

    **Defendants.**

Case No. 2:22-cr-222 (2), (3), (4), (5)
JUDGE EDMUND A. SARGUS, JR.

## ORDER

This matter is before the Court following a Telephone Conference held on July 31, 2024. (ECF No. 221.) All parties were represented at the Conference. This Order memorializes the results of the Conference.

The Court heard from the parties on the Defendants' request to continue to the trial start date. Defendants requested additional time to review voluminous Jencks materials recently produced by the Government. The Court **GRANTED** a short continuance. Trial, which was originally set to begin on Monday, August 5, 2024, will now begin on **Wednesday, August 7, 2024 at 9:00 a.m**.

The Court also heard from the parties on Defendants' Joint Motion in Limine to Exclude the Testimony of Government Expert Sergeant Jacob Smith. (ECF No. 220.) The Government filed its notice of its intent to introduce expert testimony of Sergeant Smith on July 27, 2024. (ECF No. 218.) Defendants argue the Government's late disclosure violated the Court's Trial Scheduling Order, which states that "[t]he deadline for expert disclosure must be sufficiently before trial to provide a fair opportunity for each party to meet the other side's expert evidence, which is at least one month before trial." (ECF No. 115.) Defendants contend that the late disclosure deprives them

1

of a fair opportunity to investigate Sergeant Smith and his methodology. (ECF No. 220, PageID 1380.)

Rule 16(a)(1)(G) imposes a duty on the Government to disclose any testimony the Government intends to offer under Federal Rule of Evidence 702. Fed. R. Crim. P. 16(a)(1)(G)(i). The disclosure of expert witnesses must occur by the time set by court order, or local rule, and "must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." Fed. R. Crim. P. 16(a)(1)(G)(ii). Significantly, lay opinion testimony offered under Federal Rule of Evidence 701 is not subject to the disclosure requirements of Fed. R. Crim. P. 16(a)(1)(G). *United States v. Eby*, No. 1:20-cr-187, 2024 U.S. Dist. LEXIS 133876, at *17 (N.D. Ohio July 30, 2024) (citing *United States v. White*, 492 F.3d 380, 403 (6th Cir. 2007) (deficient Rule 16(a)(1)(G) expert disclosure did not bar witness's lay fact-based testimony)).

During the conference, the Government indicated that it did not intend to formally qualify Sergeant Smith as an expert in front of the jury and filed its expert disclosure out of an abundance of caution in the event Sergeant Smith's testimony contained any specialized knowledge. Defendants did not dispute that Sergeant Smith is qualified to give lay opinion testimony under Rule 701. Fed. R. Evid. 701. Accordingly, the parties agreed that Sergeant Smith's testimony is admissible under Rule 701. The Government agreed not to formally qualify Sergeant Smith as an expert and that it is not entitled to an expert witness jury instruction as it relates to Sergeant Smith. Accordingly, Defendants' Motion (ECF No. 220) is **DENIED as moot.**

Lastly, Defendant Abubakarr Savage raised the issue of his pending Motion in Limine. (ECF No. 213.) The Court will issue a separate, forthcoming order on that Motion.

Accordingly, the Court **DIRECTS** the Clerk to **RESET** the trial start date from August 5, 2024 to **August 7, 2024**.  Finally, Defendant's Joint Motion in Limine to exclude Sergeant Jacob Smith's expert testimony is **DENIED as moot**. (ECF No. 220.)

    **IT IS SO ORDERED.**

**7/31/2024**                          **s/Edmund A. Sargus, Jr.**
**DATE**                              **EDMUND A. SARGUS, JR.**
                                    **UNITED STATES DISTRICT JUDGE**